# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DANIEL CADLE,

    Plaintiff,

v.

CLAYTON TATUM; JENNIFER CLARK; and ANDREW MCFARLANE, all in their individual and official capacities,[1]

    Defendants.

CIVIL ACTION NO.: 6:17-cv-99

## O R D E R

Plaintiff, who is incarcerated at Rogers State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion to Proceed *in Forma Pauperis*, (doc. 2), and a Motion to Appoint Counsel, (doc. 4). For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis* and **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. The Court also **DIRECTS** the Clerk of Court to mail Plaintiff the Court's preferred forms for prisoner-plaintiffs wishing to move to proceed without pre-payment of fees and for the filing of Section 1983 complaints. The Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## BACKGROUND

In his Complaint, Plaintiff contends homophobic gang members assaulted him and his cellmate after Plaintiff's release from the Special Housing Unit ("SHU"). Plaintiff asserts

---

[1] The Court **DIRECTS** the Clerk of Court to correct the docket, which lists Defendants in their individual and official "comacities".

unidentified gang members told him the next day that he would be killed if Plaintiff told correctional officers about the assault. Nevertheless, Plaintiff informed Officer Brooks and Sergeant Castro of this situation a few days later, and these officers told Plaintiff he should inform his dorm officer of this situation. (Doc. 1, p. 2.) Plaintiff was later moved to another dorm, and gang members threatened to assault him or make him leave because Plaintiff is homosexual. Plaintiff asserts he told Officer Lewis about this threat, and Officer Lewis advised him to go to the "hole". (Id.) Plaintiff did so and an unknown person spat on him. Plaintiff then went to the chow hall, and Officer Howard allowed Plaintiff to stay in the chow hall until Lieutenant Odum arrived. Plaintiff states Lieutenant Odum told Plaintiff he could move Plaintiff to another building a few days later, yet Plaintiff told Lieutenant Odum he would get assaulted if he went back to the dorm. (Id.) Plaintiff states this is the last he heard about being moved to another building because he was given a disciplinary report for failure to follow instructions. Plaintiff avers he has been in the SHU pending reassignment since the day he spoke to Lieutenant Odum.

Plaintiff alleges placement in the SHU is for disciplinary reasons, yet he is not in the SHU for disciplinary reasons. Plaintiff contends there are no panic buttons or sprinklers in the cells in the SHU. Plaintiff also contends the food is served cold, is "frequently infested," and is served through the same slot as dirty brooms and mops are when they are passed through the cells. (Id. at p. 3.) Plaintiff maintains the inmates in the SHU are not given any cleaning supplies for the toilets, the rooms are infested with roaches, mice, spiders, mosquitoes, and gnats, and black mold is growing inside the vents. Plaintiff names as Defendants Clayton Tatum, Jennifer Clark, and Andrew McFarlane, who are the Warden and two Deputy Wardens at Rogers State Prison.

**DISCUSSION**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**I.     Plaintiff's Motion to Proceed *in Forma Pauperis***

While Plaintiff has submitted an Application to Proceed *in Forma Pauperis*, he has used a form which is not the form this Court wishes for prisoners to use when seeking to proceed before this Court. In fact, the form Plaintiff submitted is handwritten in its entirety. To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate

4

trust accounts on page 2 of this application. The Court **DIRECTS** Plaintiff to re-submit his application within **fourteen (14) days** of this Order and **DEFERS** ruling on Plaintiff's Motion until he has submitted the proper forms. <u>Plaintiff is advised that his failure to timely comply with this Court's directive may result in the dismissal of his Complaint for failure to follow a Court Order and failure to prosecute.</u>

## II. Plaintiff's Amended Complaint

In addition, Plaintiff's Complaint was not submitted on the form complaint prisoners are to use when filing 42 U.S.C. § 1983 causes of action in this Court. In fact, Plaintiff's Complaint is also entirely handwritten. The Court **DIRECTS** the Clerk of Court to provide Plaintiff with a proper blank prisoner civil rights complaint form. The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of this Order and to pay special attention to the questions this forms asks. In addition, Plaintiff is advised he must set forth allegations indicating that his constitutional rights have been violated and by whom his rights have been violated.

The Court also advises Plaintiff that he must name an entity amenable to suit under Section 1983. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa Cty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." <u>Id.</u> Plaintiff fails to make any factual allegations against the named Defendants.

Further, several of the allegations Plaintiff sets forth in his Complaint are not related to each other. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences;

5

and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such an Amended Complaint is filed.

The Court also **DIRECTS** Plaintiff to:

(1) draft his Amended Complaint on the complaint form provided by the Clerk of Court;

(2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;

(3) add no more than ten pages to the form;

(4) write legibly and only on one side of each page;

(5) provide the name of each intended defendant;

(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly identify each defendant responsible for each alleged violation;

(9) omit all legal argument or conclusions;

(10) provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

(11) provide detailed information on all prisoner civil actions Plaintiff has filed.

<u>Plaintiff's failure to file an appropriate Amended Complaint also could result in the dismissal of his cause of action for failure to follow this Court's Order.</u>

### III.     Plaintiff's Motion to Appoint Counsel

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. <u>Wright v. Langford</u>, 562 F. App'x 769, 777 (11th Cir. 2014) (citing <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." <u>Id.</u> (citing <u>Bass</u>, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." <u>Fowler v. Jones</u>, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing <u>Poole v. Lambert</u>, 819 F.2d 1025, 1028 (11th Cir. 1987), and <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." <u>McDaniels v. Lee</u>, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." <u>Hampton v. Peeples</u>, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of

counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motions.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order. The Court **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the prisoner civil rights form complaint and a blank copy of the appropriate form for application to proceed *in forma pauperis* for prisoners. The Court **DENIES** Plaintiff's Motion to Appoint Counsel.

**SO ORDERED**, this 31st day of July, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA